UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | |
|---|---|
| TERRI L. GREENFIELD, | CASE NO. 1:08 CV 1986 |
| Plaintiff, | JUDGE KATHLEEN M. O'MALLEY |
| v. | |
| | MEMORANDUM OF OPINION AND ORDER |
| ROBERT M. GATES, SECRETARY, DEPARTMENT OF DEFENSE, | |
| Defendant. | |

On August 15, 2008, pro se plaintiff Terri L. Greenfield filed this in forma pauperis action against her former employer, United States Secretary of Defense Robert M. Gates. Ms. Greenfield asserts that her request for disability retirement was improperly denied because she was terminated before the Office of Personnel Management (OPM) could reach a "final decision." She seeks reinstatement with back pay, "then disability retirement to be worked out with insurance and pain and suffering to be determined." (Compl. at 1-2.)

*Background*

There are very few facts set forth in the complaint. Ms. Greenfield discloses only that the DFAS [Defense Finance and Accounting Service] decided to release her from employment

"before a final decision was made by the Office of Personnel Management (OPM) for disability retirement." (Compl. at 1.) Without citing any authority, she contends she was entitled to 45 days to gather her medical records for OPM. The medical records from DFAS were allegedly never received by OPM and a "final decision was made without the medical records. So a Bruno v. OPM [996 F.2d 290 (Fed. Cir.1993)] was set up. The discovery of information wasn't discovered for some time by the MSBP [sic] [Merit Systems Protection Board] Judges [sic] request for OPM's case info." (Compl. at 1.)

Ms. Greenfield maintains that DFAS should have attempted to "accommodate her" as a disabled person "under good faith." Instead, DFAS chose to "hide behind timelines and disinvite [sic] new discovery content." (Compl. at 1.)

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Disability Retirement*

The law provides that "[a]n employee who completes 5 years of civilian service and has become disabled shall be retired on the employee's own application or on application by the employee's agency." 5 U.S.C. § 8337(a). Under this circumstance, "[a] claim may be allowed under this section only if the application is filed with the Office [of Personnel Management] before the employee . . . is separated from the service or within 1 year thereafter." 5 U.S.C. § 8337(b). Against this backdrop, there are four salient facts alleged in the complaint: (1) Ms. Greenfield is disabled; (2) she was denied disability retirement benefits; (3) an adverse employment action occurred; and (4) she is a former federal employee. Because these facts are not accompanied by an asserted basis for jurisdiction, the Court will now examine whether or not she has stated a cause of action.

*Federal Employees - Adverse Actions*

Before 1978, the civil service system consisted of an " 'outdated patchwork of statutes and rules built up over almost a century.' " United States v. Fausto, 484 U.S. 439, 444 (1988) (quoting S.REP. NO. 95-969, at 3 (1978)), reprinted in 1978 U.S.C.C.A.N. 2723, 2725. When the Civil Service Reform Act (CSRA) was enacted in 1978, see Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.A. (West 1996 & Supp.2001)), it "'comprehensively overhauled the civil service system,' and created an elaborate 'new framework for evaluating adverse personnel actions against [federal employees].' " Lee v. Hughes, 145 F.3d 1272, 1274 (11th Cir.1998) (quoting Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 773-74(1985)) (citation omitted). The CSRA "prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." Fausto, 484 U.S. at 443.

3

Civil service employees are divided into three classifications: (1) the Senior Executive Service, see 5 U.S.C. § 2101a; 5 U.S.C. § 3132(a)(2); (2) the competitive service, see 5 U.S.C. § 2102; and (3) the excepted service, see 5 U.S.C. § 2103. See Fausto, 484 U.S. at 441 n. 1. "Within each of the three classifications of employment, the [CSRA] accords preferential treatment to certain veterans and their close relatives-so-called 'preference eligibles.' " Id. (citing 5 U.S.C. § 2108). The protections and remedies to which an employee is entitled depends on his or her classification and whether he or she is preference-eligible. See id. at 445-47 (discussing the various protections and remedies available to certain employees). Regardless of her classification, there is no allegation that Ms. Greenfield is "preference-eligible."

As a former employee within the executive branch, Ms. Greenfield would be classified in the competitive service. See 5 U.S.C. § 2102 (all civil service positions in the executive branch). As such, DFAS could terminate her employment "only for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a). Generally, in cases involving the termination of an employee in the competitive service, the employee is entitled to (1) "at least 30 days' advance written notice"; (2) "a reasonable time ... to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer," or a hearing, at the agency's discretion; (3) representation by counsel or some other person; and (4) "a written decision and the specific reasons therefor." 5 U.S.C. § 7513(b), (c). There is no allegation that DFAS failed to follow any of these provisions. Moreover, Ms. Greenfield does not state when or on what basis DFAS terminated her before an OPM decision was reached.

It is at this crossroad that the complaint fails to state a claim. If Ms. Greenfield contested the agency's decision to terminate her employment, her procedural options were dependent

on the basis upon which she protested the decision. While she alleges "this case is about disability retirement denial threw [sic] discrimination of employment" (Compl. at 1), she does not allege DFAS terminated her because of her disability or that this court has jurisdiction over her claim pursuant to the Rehabilitation Act[2]. Because she has not clearly stated the basis upon which she seeks relief, the Court cannot engage in an independent analysis of her options to determine whether she has stated a claim. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)(district courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.)

It does appear Ms. Greenfield went through the administrative process to seek disability retirement benefits. While it is not clear when she was removed from her position, if, as she suggests, a Bruner v. Office of Personnel Management, 996 F.2d 290 (Fed. Cir.1993) determination was made, the Administrative Law Judge would have acknowledged that her proposed removal was based on an inability to perform her duties and thus constituted prima facie evidence that she was entitled to disability benefits. Id. at 294. As a matter of law, however, a Bruner determination does not automatically entitle an applicant to receive disability benefits if OPM presents sufficient evidence to rebut the prima facie evidence. Id. ("[T]he government's action in separating an employee for disablement produces a presumption of disability that serves to shift to the government the burden of production."). If she also raised a claim of unlawful discrimination

---

[2] As a matter of perspective, if Ms. Greenfield had asserted disability discrimination when she was terminated, she could have "either immediately file[d] suit in a district court or pursue[d] an administrative procedure." Daniels v. Department of Army, No. 89-1845,1990 WL 55664, at *4 (6th Cir. May 1,1990)(quoting Doyal v. Marsh, 777 F.2d 1526, 1535 (11th Cir.1985)); see also 5 U.S.C. § 7702(a)(2). While the facts suggest she pursued an administrative procedure for her disability retirement benefits, there is no indication that she also raised a discrimination claim.

at that time, she would need to appeal the agency's decision to the MSPB before filing a complaint in this court, within 30 days of the MSPB's decision. See 5 U.S.C. § 7513(d).

Based on the facts alleged, Ms. Greenfield failed to establish entitlement to disability benefits by a preponderance of the evidence. There is no clear indication that she timely appealed to the MSPB, or upon what basis she filed an appeal to the MSPB. The only reference to the MSPB in the complaint is Ms. Greenfield's statement that "[t]he discovery information wasn't discovered for some time by the MSBP [sic] Judge's request for OPM"s case info." (Compl. at 1.) From this, she complains that DFAS should have "attempted to accommodate a disabled employee (person) under good faith." (Compl. at 1.) That does not explain what accommodation plaintiff is seeking other than a reinstatement to her position. This does not fall within the ambit of a 'failure to accommodate' under the Rehabilitation Act.[3] See 29 U.S.C. § 794. Moreover, the purpose for which she seeks reinstatement is not premised on wrongful termination, but to further explore her entitlement to retirement disability benefits.

If Ms. Greenfield still wishes to challenge the MSPB's final decision to deny her retirement disability benefits, she must timely file an appeal to the Federal Circuit Court of Appeals. See 5 U.S.C. § 7703(b)(1) (petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit). The court of appeals, however,

---

[3]  While Ms. Greenfield does not specify upon what basis she is asserting her current claim, the statute provides that an employee who has been affected by an action that the employee may appeal to the Merit Systems Protection Board, may include an assertion of discrimination based on a disability pursuant to the Rehabilitation Act. See 5 U.S.C. § 7702(a)(1)(B)(iii). Thereafter, any such case filed under any such section must be filed in the district court within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702. See 5 U.S.C. § 7703(b)(2).

is "precluded by 5 U.S.C. § 8461(d) from reviewing the factual underpinnings of physical disability determinations." Lindahl, 470 U.S. at 791.

Accordingly, plaintiff's Motion to Proceed In Forma Pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

                                                   s/ Kathleen M. O'Malley
                                                   KATHLEEN M. O'MALLEY
                                                   UNITED STATES DISTRICT JUDGE

DATED: October 27, 2008

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.